Carl H. Conner, et al. * v. Commissioner. Carl H. Conner v. Commissioner
Docket Nos. 20274, 20275, 20276, 20277.
United States Tax Court
1951 Tax Ct. Memo LEXIS 62; 10 T.C.M. (CCH) 1030; T.C.M. (RIA) 51320; October 24, 1951
*62 Francis E. Mann, Esq., for the petitioners. D. Louis Bergeron, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: In these consolidated proceedings respondent determined income tax deficiencies for the calendar year 1945 as follows: Carl H. Conner
$1,846.27
Murl Marie Conner
$1,907.26
Onyda Laird
$1,682.43
Herman D. Laird
$1,682.43
The only question to be answered is whether respondent erred in failing to take into account as cost of goods sold, payments in excess of O.P.A. ceilings in determining petitioners' taxable income. All of the facts have been stipulated and the stipulation is adopted as the findings of facts. Carl H. and Murl Marie Conner, husband and wife, are residents of Houston, within the first collection district of Texas, where they filed separate individual income tax returns in accordance with the community property laws of the State of Texas. Herman D. and Onyda Laird, husband and wife, are residents of Houston, within the first collection district of Texas, where they also filed separate individual income tax returns in accordance with the community property laws of the State of Texas. Carl *63 H. Conner and Herman D. Laird were equal partners in the operation of "Security Motors", a co-partnership engaged in buying and selling used cars in Houston, Texas. Within the time provided by law, "Security Motors" filed a partnership return of income for the calendar period year ended December 31, 1945 wherein it reported the following distributable net income: Carl H. Conner
$4,536.55
Herman D. Laird
4,536.56
Total
$9,073.11
Herman D. and Onyda Laird filed separate individual income tax returns for the taxable year 1945 wherein they each reported taxable net income of $3,552.36 and tax liability of $639. Carl H. and Murl Marie Conner also filed separate individual income tax returns for the taxable year 1945 wherein they each reported taxable net income of $1,930.32. Carl H. Conner's tax liability was shown as $86 while that of Murl Marie Conner, with one less dependent, was shown as $186. Carl H. and Murl Marie Conner filed individual income tax returns for the taxable year 1945 marked "Amended", wherein they each reported taxable net income of $3,844.26. Carl H. Conner's tax liability was shown as $477 and that of his wife as $586. In arriving at *64 the partnership net income there was claimed as a deduction $21,905.26, over-ceiling payments in excess of the ceilings set by the Office of Price Administration. After an examination of the books and records of the partnership made in conjunction with the partnership return, respondent's agent determined that the amount of $21,905.26 representing over-ceiling payments in excess of the ceilings set by O.P.A., was not deductible in arriving at the partnership income. As a result, the distributable income was increased as follows: Per
Adjust-
As Cor-
Return
ments
rected
Carl H. Conner
$4,536.55
$10,952.63
$15,489.18
Herman D. Laird
4,536.56
10,952.63
15,489.19
Totals
$9,073.11
$21,905.26
$30,978.37
After an examination of the returns filed by Herman D. and Onyda Laird for 1945, respondent, in statutory notices dated June 17, 1948 advised said petitioners of his determination of deficiencies in tax for said years due to the disallowance of over-ceiling payments totaling $599 made on individual purchases of used cars, as well as due to the increase in partnership income. After an examination of the return filed by Carl H. and Murl Marie *65 Conner for 1945, respondent, in statutory notices dated June 17, 1948, advised said petitioners of his determination of deficiencies in tax for said years due to the disallowance of over-ceiling payments totaling $1,638 made on individual purchases of used cars, as well as due to the increase in partnership income. This record raises the precise issue which has heretofore been decided adversely to respondent's contention in . Following the Sullenger case we hold here that the over-ceiling payments may be included by petitioners in arriving at the cost of goods sold in computing taxable income. Decision will be entered for the Petitioners. Footnotes
*. Proceeding of the following petitioners are consolidated herewith: Murl Marie Conner; Onyda Laird; and Herman D. Laird.↩